UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MYLINDA VIOLA**,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　2:23-cv-279-SPC-NPM

**CHARLOTTE'S WEB, INC.**,

    Defendant.

**ORDER DENYING MOTION TO STAY**

Charlotte's Web, Incorporated requests a stay of discovery regarding Counts III and IV [1] while its motion to dismiss those claims is pending. (Doc. 33). Charlotte's Web relies heavily on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), contending that it should not have to waste resources responding to discovery on claims bound for dismissal. (*Id.* at 2). But *Chudasama* presented exceptional circumstances not present here. *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-cv-Scola, 2012 WL 5471793, *3 (S.D. Fla. Nov. 9, 2012) (*Chudasama* dealt with unjustifiable delay (1½ years) in ruling on a motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and a dubious fraud claim that was likely to be dismissed). By contrast,

---

[1] Counts III and IV assert claims for sex discrimination and retaliation. Counts I and II assert equal pay and failure-to-pay claims. (Doc. 29 at 8-11). The overall thrust of the entire complaint is that Viola was mistreated by her employer because she is a woman. (*Id.*).

Charlotte's motion to dismiss (Doc. 30) was filed a little over a month ago—and just fourteen days later—Charlotte's Web sought to stay discovery.[2] Therefore, "[t]he procedural posture here is a far cry from the bizarre situation in *Chudasama*, and this Court has not unduly delayed any rulings in this case." *Bocciolone v. Solowsky*, No. 08-20200-cv-COOKE/B, 2008 WL 2906719, *2 (S.D. Fla. July 24, 2008).

The court has also taken a "'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Cuhaci v. Kouri Grp.*, LP, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (internal citation omitted). Applying this framework, the court finds a stay inappropriate. This case not does not present "especially dubious" claims, nor does it appear that Counts III and IV are surely destined for dismissal. While Charlotte's Web advances detailed arguments for dismissal, Viola offers colorable arguments in response. Furthermore, even if these counts were dismissed, Counts I and II remain. And "a motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Cuhaci*, 540 F. Supp. 3d at 1187 (citing *Bocciolone*, 2008 WL 2906719, at *2). Accordingly, the motion is **DENIED**.

**ORDERED** on March 7, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] Charlotte's Web also sought additional time to file a reply in support of its motion to dismiss, which the court granted. (Docs. 35, 36). The briefing was completed on February 20, 2024, and so the motion to dismiss has been ripe for only 17 days. (Docs. 37-39).