UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MYLINDA VIOLA,

    Plaintiff,

v.                                 Case No.:  2:23-cv-279-SPC-NPM

CHARLOTTE'S WEB, INC.,

    Defendant.
_____/

## ORDER

Before the Court are Defendant Charlotte's Web, Inc.'s Motion to Dismiss with Prejudice Counts III and IV and to Strike Certain Allegations from Counts I and II (Doc. 30), Plaintiff Mylinda Viola's opposition (Doc. 34), CWI's reply (Doc. 38), and Viola's sur-reply. (Doc. 39). For the below reasons, the Court grants in part the Motion and dismisses the Second Amended Complaint without prejudice and with leave to amend.

### BACKGROUND[1]

This is a workplace discrimination suit. Viola worked remotely as an executive for CWI for about thirteen months: January 24, 2022 to February 2, 2023. The crux of Viola's claims describes three events.

---

[1] The Court accepts the facts pled in the Second Amended Complaint as true on a motion to dismiss. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

First, about one month after joining CWI, Viola assumed the duties and responsibilities of her male colleague, Jon Dunham, in addition to her original ones. But Viola claims her base salary was about $87,000 less than his despite them performing the same (or substantially the same) duties.

Second, in February 2022, Viola claims Jared Stanley, the CWI founder, "berated" her when she asked about an unspecified "large discrepancy." (Doc. 29 at ¶ 30). Viola complained to someone in the human resources department. She then received a forced apology from Stanley and a handwritten apology note from Jacques Tortoroli, the company's CEO.

Third, in December 2022, Viola alleges she "was told that the CEO presented false revenue information to the Board" and she reported this "potential ethics violation" to the company's CFO. (*Id.* at ¶ 36). Within weeks, CWI fired Viola.

Viola first sued CWI for unequal pay and unpaid wages. (Doc. 1). She amended twice, with the Second Amended Complaint being the operative pleading. (Docs. 6, 28-29). In the Second Amended Complaint, Viola added two counts for sex discrimination and retaliation after the Equal Employment Opportunity Commission issued her a right-to-sue letter. (Docs. 27-29). So Viola now brings four claims against CWI:

- Count I: Violation of the Equal Pay Act
- Count II: Unpaid wages

2

- Count III: Sex discrimination under the Florida Civil Rights Act ("FCRA")[2]

- Count IV: Retaliation under the FCRA

(Doc. 29). CWI moves to dismiss Counts III and IV and to strike certain allegations from Counts I and II.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this preferential standard of review does not permit all pleadings adorned with facts to survive the next stage of litigation. The Supreme Court has been clear that a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must

---

[2] In paragraph 55, Viola references bring Count III under both "Title VII and the FCRA." But she never mentions the federal statute anywhere else. In amending her pleading, Viola must clarify the laws under which she brings each claim.

3

allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

## DISCUSSION

CWI breaks down its motion into two parts: (1) dismissal of Counts III and IV with prejudice; and (2) striking allegations from Counts I and II about alleged discriminatory working conditions and hostile work environment. (Doc. 30). The Court addresses each.

To recap, Count III argues CWI discriminated against Viola based on her sex. And Count IV argues CWI retaliated against Viola after she "complain[ed] to HR about the abusive environment and to upper management about potential ethics violations which was within close proximity after she complained on several occasions." (Doc. 29 at ¶ 60). But CWI argues both counts are untimely to the extent that they rely on the February 2022 incident with Stanley and fail to adequately state plausible claims. (Doc. 30 at 4-14).

Normally the Court would begin with CWI's timeliness argument because exhausting administrative remedies is a prerequisite to filing an FCRA action. *See* Fla. Stat. § 760.11(1) (mandating filing a charge of discrimination with the proper agency within 365 days of the alleged violation); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (barring recovery for discrete acts of discrimination and retaliation outside the applicable statutory period). But the Court cannot do so because it's unclear

whether Viola is complaining about discrete discriminatory acts or a continuing violation. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1221 (11th Cir. 2001) (discussing exception to the limitation period for a continuing violation, which lets a plaintiff sue on otherwise time-barred claims where at least one violation occurred within the period). Rather, Count III lumps several claims together and relies on vague and conclusory allegations. For example, it incorporates allegations that could be construed to support at least three distinct claims:

- a hostile work environment claim based on Stanley's behavior ("While at CWI, VIOLA endured hostile and abusive environment from the founder of CWI, Jared Stanley")

- a disparate treatment claim based on Stanley's conduct toward her compared with male colleagues ("Mr. Stanley did not treat male employees who similarly brought discrepancies to his attention in a similar abusive and hostile manner")

- a pay discrimination claim ("[Viola's] base salary was approximately $87,000 less than her male counterparts who performed the same or substantially the same job duties.")

(Doc. 29 at ¶¶ 18, 29, 31). Blending multiple claims into a single count is the hallmark of an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Understanding the scope of Count III is imperative to deciding whether it is timely and sufficiently pleaded. If Count III is intended to be a hostile work environment claim, the February 2022 incident with Stanley can be

included, but only if it is related to events that occurred within the applicable period.³ *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1303 (11th Cir. 2023). If it is intended to be a pay discrimination claim, however, it could duplicate Count I. And, if complaining about disparate treatment, the generalized references to "male employees who similarly brought discrepancies" are too vague to state a claim.

Count IV is also problematic. Viola combines her complaint to human resources about Stanley's conduct in February 2022 and her unrelated complaint to upper management about the ethics violation ten months later to bolster a retaliation claim. (Doc. 29 at ¶ 60). The former is too temporally remote from her firing to establish causation without more evidence. *See Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011) (explaining that a delay of more than three months between two events is not enough to establish causation by temporal proximity alone). And neither event is protected activity because Viola doesn't allege to have complained about discrimination in either instance. *See Saffold v. Special Counsel, Inc.,* 147 F. App'x 949, 951 (11th Cir. 2005) (noting the plaintiff did not engage in a protected activity under Title VII when the plaintiff's complaints had no relationship to a protected category). Count IV is further muddied by Viola's

---

³ The Second Amended Complaint includes no allegations about any later incidents between Viola and Stanley.

allusion to other unspecified retaliation. (Doc. 29 at ¶ 35 ("[A]fter the incident and [Viola's] complaint to HR, [Viola] was targeted and retaliated against for reporting discriminatory behavior")). This allegation, like too many others, is bare-bones and conclusory.

At this stage, the Court will not make assumptions about Viola's intended claims. Instead, it will permit her another chance to focus her complaint. But any future pleading cannot rely on blurred allegations and expect to avoid dismissal.

But the Court cannot stop there. CWI also moves to strike allegations about discriminatory working conditions and any reference to § 1981 in Counts I and II. CWI's request to strike is denied without prejudice for failure to comply with the Civil Action Order's direction on motions to strike. (Doc. 3 at 7-8). Viola is encouraged to seize the opportunity to replead the complaint, and CWI is encouraged to consider that courts disfavor motions to strike.

Accordingly, it is

**ORDERED:**

Defendant Charlotte's Web, Inc.'s Motion to Dismiss (Doc. 30) is **GRANTED in part and DENIED in part.**

   1. The Second Amended Complaint (Doc. 29) is **DISMISSED** without prejudice.

2. Viola may file a third amended complaint consistent with this Order **on or before March 26, 2024. Failure to do so will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 12, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record